### HARTMAN et al. v. MASTERS et al.

Court of Appeals of District of Columbia.
Submitted April 5, 1927. Decided
May 2, 1927.

No. 1250.

Courts ⟨⟩444(1)—Court of Appeals cannot entertain original suit to annul judgment or decree of lower court in suit not otherwise before it.

The Court of Appeals of the District of Columbia cannot entertain an original suit to annul a judgment or decree of a lower court, entered in a case not otherwise pending in the Court of Appeals.

Original suit by Charles A. Hartman and another against Samuel J. Masters and others. Petition dismissed.

W. B. Thomas, J. K. M. Morton, and W. H. Newton, all of Washington, D. C., for petitioners.

W. G. Gardiner, of Washington, D. C., for respondents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This opinion is based upon a petition filed in this court, entitled "Petition and Motion of the Modern Workmen of the World Society, Samuel J. Masters, and John B. Kinnear to Vacate, Set Aside, and Annul Certain Orders, Decrees, and Mandates of the Supreme Court of the District of Columbia and the Court of Appeals of the District of Columbia Made and Entered in the Above-Entitled Cause." The "above-entitled cause," thus referred to, is equity suit No. 30946, which is now pending in the Supreme Court of the District of Columbia. The petition now before us does not purport to be an appeal from the "orders, decrees, and mandates" to which it relates, but serves as the beginning of an original suit in this court to procure an annulment of all the orders, decrees, and mandates entered in suit No. 30946 aforesaid, either by the lower court, or by this court in former appeals, since the 15th day of August, 1913. A brief recital of these is necessary to an understanding of the case.

In the month of January, 1911, the Royal Life Insurance Company, an incorporation organized under the laws of the District of Columbia, having a capital stock of $1,000, owned entirely by Hartman, Cohill, and Evans, was doing business as a health, accident, and life insurance company. At the same time the Modern Workmen of the World, a fraternal organization, under the laws of Virginia, having no capital stock, was engaged in a similar business, with Masters, Kinnear, and Andrews as its sole trustees. An agreement was then entered into by the two companies, whereby the business and assets of the Modern Workmen of the World were transferred to the Royal Life Insurance Company, and the latter company assumed all the obligations of every character outstanding against the former company. As part of this transaction one-half of the corporate stock of the Royal Company was transferred to Masters, Kinnear, and Andrews, and they, together with Hartman, Cohill, and Evans, became the sole directors of the consolidated company. Soon afterwards serious difficulties and controversies arose between the directors, and Masters and Kinnear undertook to rescind the agreement and repossess themselves of the assets which had been transferred by the Modern Workmen to the Royal Company. This controversy led to protracted litigation.

On April 3, 1912, suit No. 30946 aforesaid was begun by a bill filed in the Supreme Court of the District of Columbia, by Hartman and Cohill against Masters, Kinnear, Andrews, Evans, and the Royal Life Insurance Company, praying for the appointment of a receiver for the latter company, for an accounting, for a decree of dissolution, and for general relief. The defendants answered to the bill. On May 13, 1915, a decree was entered in the suit sustaining in general the claims of the plaintiffs. Cross-appeals were taken from the decree, and it was reversed and remanded by this court. 45 App. D. C. 253. On August 2, 1916, the lower court entered a second decree, appointing a receiver for the Royal Life

Insurance Company, to take possession of all of its assets, including these transferred to it by the Modern Workmen of the World, and otherwise defining the receiver's duties. An appeal was taken from this decree, and it was in part reversed by this court, and the cause remanded. 46 App. D. C. 271. On October 4, 1916, the lower court again entered a decree in behalf of the complainants. On December 28, 1916, the Modern Workmen of the World and the Modern Workmen of the World Society, the latter being a corporation organized as successor to the former, filed a petition in the cause, asking leave to intervene therein. The lower court denied this petition, and the Modern Workmen of the World and the Modern Workmen of the World Society appealed therefrom to this court. The order thus appealed from was affirmed. Modern Workmen of the World v. Wheatley, 47 App. D. C. 354. On May 22, 1917, and on August 27, 1917, further orders and decrees were entered by the lower court in the administration of the receivership. On November 6, 1917, Ruben Kirby et al., claiming to be policy holders in the Modern Workmen of the World, filed a petition in the cause, praying to be allowed to intervene therein, and on May 7, 1919, Mary Grunden, claiming to be a creditor under a policy issued by the Modern Workmen of the World, filed a similar petition. Both of these were denied by the lower court. On January 7, 1920, a decree was entered by the lower court in the course of administering upon the assets of the Royal Company. This decree was modified and remanded, with instructions, by this court. 50 App. D. C. 141, 269 F. 483. A decree was subsequently entered by the lower court in the cause, which was affirmed upon appeal by this court.

This recital brings us to the present issue. In the petition now before us the Modern Workmen of the World, the Modern Workmen of the World Society, together with Masters and Kinnear, pray that this court shall now vacate, annul, and set at naught each and all of the foregoing orders, rules, decrees, and mandates, whether entered by this court or the lower court, "as having been made without either of said courts having ever acquired jurisdiction to make or enter the same."

This petition cannot be sustained. We shall not discuss the various rulings of this court and the lower court challenged by the petition, for it is sufficient to say that the jurisdiction of this court is appellate in character, and the court cannot entertain an original suit like this, brought to secure an annulment of a judgment or decree of the lower court,

entered in a case not otherwise pending in this court. And in respect to the judgments of this court which are challenged by the petition we may note that these were entered at former terms in causes regularly appealed, and we find no grounds stated in the petition for reopening them.

The petition is dismissed, with costs.